# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC,<br><br>    Plaintiff.<br><br>v.<br><br>ARUBA NETWORKS, INC. and<br>HEWLETT PACKARD ENTERPRISE<br>COMPANY,<br><br>    Defendants. | Case No. 20-cv-537-MN |

**Opening Brief in Support of Defendants' Motion for Judgment on the
Pleadings on Counts III and IV of Plaintiff's Complaint
(Pursuant to Fed. R. Civ. P. 12(c))**

Eric S. Namrow (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: 202.739.5296
Fax: 202.739.3001
eric.namrow@morganlewis.com

Hersh Mehta (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
77 West Wacker Dr.
Chicago, IL 60601-5094
Telephone: 312.324.1739
Fax: 312.324.1001
hersh.mehta@morganlewis.com

Amy M. Dudash (DE Bar No. 5741)
Morgan, Lewis & Bockius LLP
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Defendants Aruba Networks,
LLC and Hewlett Packard Enterprise Company*

Dated:  December 7, 2020

**Table of Contents**

I.      Introduction ........................................................................................................... 1

II.     Background ........................................................................................................... 2

        A.      Procedural history ...................................................................................... 2

        B.      Patent assignment history ......................................................................... 2

III.    Legal Standard ..................................................................................................... 3

IV.     Argument ............................................................................................................. 4

        A.      The Court should dismiss SIPCO's claim for patent infringement of the
                '304 patent because that patent expired before SIPCO filed its Complaint
                and because SIPCO failed to plead compliance with Section 287(a). ................... 4

                1.      To be entitled to pre-suit damages, SIPCO must plead compliance
                        with Section 287(a). .................................................................................. 4

                2.      For the '304 patent, SIPCO failed to plead compliance with
                        Section 287(a). .......................................................................................... 6

        B.      The Court should dismiss SIPCO's claims for patent infringement of the
                '304 and '587 patents because SIPCO failed to acquire the right to sue for
                past infringement of those patents. ........................................................................ 7

                1.      To be entitled to pre-suit damages, SIPCO must acquire the right to
                        sue for past infringement. ......................................................................... 7

                2.      SIPCO failed to acquire the right to sue for past infringement of
                        the '304 and '587 patents. ......................................................................... 7

V.      Conclusion ........................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abraxis Biosci., Inc. v. Navinta, Inc.*,
  625 F.3d 1359 (Fed. Cir. 2010)..................................................................................6, 7

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)..................................................................................3, 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................3

*e-Watch Inc. v. Avigilon Corp.*,
  No. CIV.A. H-13-0347, 2013 WL 5231521 (S.D. Tex. Sept. 16, 2013)...............5, 6

*Edwards v. A.H. Cornell & Son, Inc.*,
  610 F.3d 217 (3d Cir. 2010)...........................................................................................3

*Express Mobile, Inc. v. Liquid Web, LLC*,
  No. 1:18-CV-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019).............4, 5, 6

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)...........................................................................................3

*Horatio Washington Depot Techs. LLC v. Tolamr, Inc.*,
  Civil Action No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018).........5, 6

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001)..................................................................................4, 5

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996).........................................................................................4

*Messagephone, Inc. v. SVI Sys., Inc.*,
  243 F.3d 556 (Fed. Cir. 2000).........................................................................................7

*Minco Inc. v. Combustion Eng'g.*,
  95 F.3d 1109 (Fed. Cir. 1996)...................................................................................6, 7

*Revell v. Port Auth.*,
  598 F.3d 128 (3d Cir. 2010)...........................................................................................3

**STATUTES**

35 U.S.C. § 287(a) ................................................................................................ *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................3

Fed. R. Civ. P. 12(c) ....................................................................................................................1

## I.      Introduction

Plaintiff, SIPCO, LLC ("SIPCO"), asserts infringement of four patents against Defendants, Aruba Networks, LLC[1] and Hewlett Packard Enterprise Company (collectively, "Defendants"). Two of the asserted patents expired before SIPCO filed its Complaint. The Court should grant judgment on the pleadings and dismiss SIPCO's infringement claims for the two expired patents, for two independent, straightforward reasons.

First, for one of the expired patents, SIPCO failed to plead that it or any of its licensees complied with the constructive-notice provision of 35 U.S.C. § 287(a). Governing law requires SIPCO to plead compliance with Section 287(a). Therefore, SIPCO has no infringement claim for this expired patent on which SIPCO can seek any relief.

Second, for both expired patents, SIPCO failed to acquire the right to sue Defendants for past infringement. Governing law requires SIPCO to have obtained the right to sue for past infringement before filing this case, but the U.S. Patent & Trademark Office's public assignment records indicate that SIPCO failed to do so. Therefore, SIPCO has no infringement claim for either of the expired patents on which SIPCO can seek any relief.

Therefore, under Fed. R. Civ. P. 12(c), this Court should enter judgment dismissing SIPCO's infringement claims for both of the expired patents.

---

[1] Aruba Networks, Inc. recently changed its name to Aruba Networks, LLC.

II.     **Background**

    A.      **Procedural history**

On April 22, 2020, SIPCO filed its Complaint (D.I. 1), alleging the following four counts of patent infringement against Defendants:

- Count I: alleged infringement of U.S. Patent No. 6,891,838;

- Count II: alleged infringement of U.S. Patent No. 7,103, 511;

- Count III: alleged infringement of U.S. Patent No. 8,335,304 ("the '304 patent"); and

- Count IV: alleged infringement of U.S. Patent No. 8,924,587 ("the '587 patent").

This motion seeks judgment on the pleadings on Counts III and IV, which are limited to the '304 and '587 patents. Two aspects of these Counts are important here. First, both the '304 and '587 patents expired before SIPCO filed its Complaint. Thus, SIPCO cannot recover post-suit damages for either patent. Second, in Count III, SIPCO does not allege that it provided Defendants with actual notice of the '304 patent before that patent's expiration, nor does SIPCO allege it and its licensees complied with the constructive-notice statute, 35 U.S.C. § 287(a). Thus, SIPCO cannot recover pre-suit damages for the '304 patent, as explained in Section IV.A, *infra*.

On July 13, 2020, Defendants filed an Answer (D.I. 8), denying SIPCO's infringement allegations and pleading several affirmative defenses.

On September 2, 2020, after the pleadings closed, the Court entered a Scheduling Order (D.I. 15). Fact discovery will close on October 1, 2021; expert discovery will close on February 11, 2022; and no *Markman* hearing or trial has been set.

    B.      **Patent assignment history**

For the '304 patent, there are no recorded assignments in the U.S. Patent & Trademark Office's public assignment database. For the '587 patent, there is only one recorded assignment in the USPTO's public assignment database, recorded at USPTO reel/frame 033858/0436. This

assignment is attached as Exhibit 1 and the Court may properly consider this public record in deciding the jurisdictional argument discussed in Section IV.B, *infra*. *See IOENGINE LLC v. Interactive Media Corp.*, C.A. 14-1571-GMS, 2017 WL 39563, at *2 (D. Del. Jan. 4, 2017).

In the assignment, named inventor David Petite purports to assign to SIPCO, LLC "all of [Petite's] rights, title, and interest in and to" the patents. Ex. 1 at 1. However, the assignment fails to transfer, or even acknowledge, the right to sue for past infringement of these patents. This failure leaves SIPCO without the right to sue for past infringement, as explained in Section IV.B, *infra*.

## III.    Legal Standard

This Court should grant a motion for judgment on the pleadings for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion for judgment on the pleadings . . . is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010) (citation omitted).

The Third Circuit requires a two-part analysis when reviewing a claim under Rule 12(b)(6). *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. Fowler, 578 F.3d at 210-11. Second, the court should determine whether the remaining well-pled facts sufficiently show that the claimant "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

IV.    **Argument**

A.    **The Court should dismiss SIPCO's claim for patent infringement of the '304 patent because that patent expired before SIPCO filed its Complaint and because SIPCO failed to plead compliance with Section 287(a).**

1.    **To be entitled to pre-suit damages, SIPCO must plead compliance with Section 287(a).**

To recover patent damages, a patentee who makes, sells, or licenses a patented product must comply with Section 287's notice requirements. *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). Notice may be completed either constructively, by marking patented products, or actually, by notifying the defendant of its alleged infringement. *Id.*; *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) (actual notice "must be an affirmative act on the part of the patentee which informs the defendant of infringement").

A patentee's licensees must also comply with Section 287's marking requirements in order for the patentee to recover patent damages. *Arctic Cat*, 876 F.3d at 1365. In cases involving licensees, courts consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements, including brokering an agreement with the licensees to mark, and following-up on compliance with that agreement. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1112 (Fed. Cir. 1996).

If a patentee or its licensees fail to mark products covered by the patent, the patentee is not entitled to damages before the date it provided the defendant actual notice. *Arctic Cat*, 876 F.3d at 1365. In cases where actual notice was not completed until the lawsuit's filing, failure to mark any patented products limits damages to those sustained after the filing date. *Id.* In other words, failure to mark any patent products, licensed or otherwise, prevents recovery of any pre-suit damages. *See id.*

A patentee must affirmatively allege compliance with Section 287 by all the relevant players in order to state a claim for pre-suit damages. *Arctic Cat*, 876 F.3d at 1365 ("The patentee bears the burden of pleading ... he complied with § 287(a)'s marking requirement."). Thus, a patentee must allege facts sufficient to show that it, its licensees, its predecessors, and its predecessors' licensees have marked any patented product and/or that the patentee provided the defendant actual notice of its alleged infringement prior to the filing of the complaint. *See id.* Alternatively, a patentee may allege that there is and has been no patented product to mark. *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-CV-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) ("A claim for past damages requires pleading compliance with the marking statute--even when compliance is achieved, factually, by doing nothing at all."). But a patentee may not remain silent on the issue if it wishes to sufficiently plead a claim to pre-suit damages. *Id.*

Based on these precepts, courts dismiss claims to pre-suit damages where the patentee has failed to allege compliance with Section 287. *Lans*, 252 F.3d at 1328 ("Because [patentee's] licensees did not mark their products and because [patentee] did not inform the [defendant] of infringement before expiration of the . . . patent, § 287(a) prevents [patentee] from collecting damages [and] the district court correctly ruled that [patentee] has not stated a claim on which relief may be granted."); *Express Mobile*, 2019 WL 1596999, at *2 (granting motion to dismiss pre-suit damages for failure to allege compliance with Section 287); *Horatio Washington Depot Techs. LLC v. Tolamr, Inc.*, Civil Action No. 17-1086-LPS, 2018 WL 5669168, at *8 (D. Del. Nov. 1, 2018) (adopted recommendation for dismissal with prejudice for failure to allege compliance with Section 287); *e-Watch Inc. v. Avigilon Corp.*, No. CIV.A. H-13-0347, 2013 WL 5231521, at *3 (S.D. Tex. Sept. 16, 2013) (granting motion to dismiss pre-suit damages based on failure to mark).

5

### 2.    For the '304 patent, SIPCO failed to plead compliance with Section 287(a).

SIPCO has effectively pled itself out of Court for the '304 patent. SIPCO was required to affirmatively allege that it, its licensees, its predecessors, and its predecessors' licensees complied with Section 287. SIPCO failed to do so.

SIPCO alleges that "over 100 companies have taken licenses to" SIPCO's patents. D.I. 1 ¶ 13. Yet SIPCO failed to allege that either SIPCO or any of the alleged licensees properly marked the '304 patent in compliance with Section 287. *See id.* Indeed, for the '304 patent, SIPCO failed to make **any** allegation regarding marking at all. Nor did SIPCO allege that it had provided Defendants with actual notice of their alleged infringement prior to the 304 patent's expiration, which occurred on August 24, 2019, long before SIPCO filed its Complaint.

SIPCO completely ignored Section 287(a) for the '304 patent—possibly because SIPCO cannot make the required allegations in good-faith without further investigation.[2] Regardless of the reasons for SIPCO's failure to plead notice, the result is clear: Because SIPCO failed to plead compliance with Section 287, SIPCO failed to state a claim for pre-suit damages and this motion should be granted. *See, e.g.*, *Express Mobile*, 2019 WL 1596999, at *2 (granting motion to dismiss pre-suit damages for failure to allege compliance with Section 287); *Horatio*, 2018 WL 5669168, at *8 (adopted recommendation for dismissal with prejudice for failure to allege compliance with Section 287); *e-Watch Inc.*, 2013 WL 5231521, at *3 (granting motion to dismiss pre-suit damages based on failure to mark).

---

[2] In Count IV, SIPCO alleged compliance with Section 287(a) for the '587 patent, thus underscoring that SIPCO knew how to allege Section 287(a) compliance, but failed to do so for the '304 patent.

**B.**   **The Court should dismiss SIPCO's claims for patent infringement of the '304 and '587 patents because SIPCO failed to acquire the right to sue for past infringement of those patents.**

**1.**   **To be entitled to pre-suit damages, SIPCO must acquire the right to sue for past infringement.**

"A party may sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so." *Abraxis Biosci., Inc. v. Navinta, Inc.*, 625 F.3d 1359, 1367 (Fed. Cir. 2010) (quoting *Moore v. Marsh*, 74 U.S. 515, 522 (1868)). As "a general rule," the "right to sue for prior infringement is not transferred unless the assignment agreement manifests an intent to transfer this right." *Minco Inc. v. Combustion Eng'g*, 95 F.3d 1109, 1117 (Fed. Cir. 1996). "Under the general rule, the bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Id.* "[I]t is a 'great mistake' to 'suppose' that the assignment of the patent carries with it the right to sue for past infringement." *Id.* (quoting *Moore*, 74 U.S. at 522).

**2.**   **SIPCO failed to acquire the right to sue for past infringement of the '304 and '587 patents.**

The '304 and '587 patents expired before SIPCO filed its Complaint, so SIPCO can at most seek relief for past infringement. But SIPCO lacks standing to sue for past infringement of these patents because SIPCO did not acquire the right to sue for past infringement, as public records demonstrate. The sole assignment agreement in the USPTO's records for the '304 and '587 patents never mentions the right to sue for past infringement. *See* Ex. 1.[3]

---

[3] Named inventor David Petite knew how to transfer the right to sue for past infringement and even purported to do so in other assignment agreements, but failed to do so for the '304 and '587 patents. *See* Ex. 2 at 2 (purporting to assign "the right to sue for past or future infringement"). Exhibit 2 is an assignment agreement publicly recorded with the USPTO at USPTO reel/frame 011473/0260. The Court may properly consider this public record in deciding the jurisdictional argument discussed in Section IV.B. *See IOENGINE LLC*, 2017 WL 39563, at *2.

Thus, the agreement fails to expressly transfer the right to sue for past infringement. *See Abraxis Bioscience*, 625 F.3d at 1367 (The right to sue for past infringement "must be express, and cannot be inferred from an assignment of the patent itself."); *Messagephone, Inc. v. SVI Sys., Inc.*, 243 F.3d 556 (Fed. Cir. 2000) (holding plaintiff lacked standing to sue for past infringement of the asserted patents where the relevant assignment "grants [plaintiff] the 'entire right, title, and interest' in the [asserted patents]" but "is silent as to [plaintiff's] right to sue for infringement that occurred prior to that date").

Because SIPCO did not acquire the right to sue for past infringement, SIPCO lacks standing to sue for past infringement. Accordingly, the Court should also dismiss SIPCO's claims for infringement of the '304 and '587 patents.

## V.    Conclusion

The Court should grant Defendants' motion and enter judgment dismissing Counts III and IV of Plaintiff's Complaint with prejudice.

Dated:  December 7, 2020                    Respectfully submitted,

                                           MORGAN, LEWIS & BOCKIUS LLP

                                           */s/ Amy M. Dudash*
Eric S. Namrow (admitted *pro hac vice*)    Amy M. Dudash (DE Bar No. 5741)
1111 Pennsylvania Ave. NW                   1201 N. Market Street, Suite 2201
Washington, DC 20004-2541                   Wilmington, Delaware 19801
Telephone: 202.739.5296                     Telephone:  302.574.3000
Fax: 202.739.3001                           Fax:  302.574.3001
eric.namrow@morganlewis.com                 amy.dudash@morganlewis.com

Hersh Mehta (admitted *pro hac vice*)       *Attorneys for Defendants Aruba Networks,*
77 West Wacker Dr.                          *LLC and Hewlett Packard Enterprise Company*
Chicago, IL 60601-5094
Telephone: 312.324.1739
Fax: 312.324.1001
hersh.mehta@morganlewis.com

8