## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC,<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>ARUBA NETWORKS, INC., and<br>HEWLETT PACKARD ENTERPRISE<br>COMPANY<br><br>      **Defendants.** | Civil Action No.  1:20-cv-00537-MN |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR**

**JUDGMENT ON THE PLEADINGS ON COUNTS III AND IV OF PLAINTIFF'S**

**COMPLAINT PURSUANT TO FED. R. CIV. P. 12(c) (D.I. 24, 25)**

Dated: December 21, 2020

George Pazuniak DE (No. 478)
Sean T. O'Kelly (DE No. 4349)
O'Kelly & Ernst, LLC
824 N. Market Street, Suite 1001A
Wilmington, Delaware  19801
(302) 478-4230
(302) 295-2873 (facsimile)
gp@del-iplaw.com
sokelly@oeblegal.com

## TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDING ................................................................................. 1

SUMMARY OF THE ARGUMENT ......................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 2

    a)   The Application for the '304 Patent and the Patent Were Assigned to SIPCO .............. 2

    b)   The Application for the '587 Patent and the Patent Were Assigned To SIPCO ............. 3

ARGUMENT ..................................................................................................................... 3

    I.   LEGAL STANDARD ................................................................................................. 3

    II.  AS THE ASSIGNEE, SIPCO HAS THE RIGHT TO SUE FOR INFRINGEMENT OF ITS PATENTS AND TO SEEK ALL DAMAGES ..................................................................................... 4

    III.  35 U.S.C. § 287 DOES NOT LIMIT SIPCO'S CLAIMS UNDER THE '304 PATENT .................. 6

    IV.  DISMISSAL WOULD BE INAPPROPRIATE, AS SIPCO CAN REPLEAD ..................................... 8

CONCLUSION .................................................................................................................. 8

i

## TABLE OF CITATIONS

### CASES

*Agility Pub. Warehousing Co. K.S.C.P. v. United States*,

   969 F.3d 1355 (Fed. Cir. 2020) ------------------------------------------------------------------ 4

*C R Bard, Inc. v. AngioDynamics Inc.*,

   2018 WL 3130622 (D. Del. 2018) ----------------------------------------------------------------- 7

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,

   906 F. Supp. 2d 399 (W.D. Pa. 2012) ------------------------------------------------------------ 7

*Core Optical Techs., LLC v. Nokia Corp.*,

   2020 WL 6126285 (C.D. Cal. 2020) -------------------------------------------------------------- 7

*Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*,

   559 F.3d 1308 (Fed. Cir. 2009) --------------------------------------------------------------- 6, 7, 8

*Hanson v. Alpine Valley Ski Area, Inc.*,

   718 F.2d 1075 (Fed. Cir. 1983) -------------------------------------------------------------- 6, 7, 8

*Intellectual Ventures I LLC v. Symantec Corp.*,

   2015 WL 294240 (D. Del. 2015) ------------------------------------------------------------------ 7

*Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*,

   964 F.3d 218 (3d Cir. 2020 ------------------------------------------------------------------------- 4

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,

   2020 WL 6318716 (N.D. Cal. 2020) -------------------------------------------------------------- 7

*Sensormatic Elecs., LLC v. Wyze Labs, Inc.*,

   2020 WL 5258439 (D. Del. 2020) ----------------------------------------------------------------- 4

STATUTES

35 U.S.C. § 281------------------------------------------------------------------------------------------------ 4

35 U.S.C. § 284---------------------------------------------------------------------------------------------- 4, 5

35 U.S.C. § 287 ----------------------------------------------------------------------------------- 1, 6, 7, 8

## NATURE AND STAGE OF PROCEEDING

This is the opposition of Plaintiff SIPCO, LLC ("SIPCO") to the motion filed by Defendants Aruba Networks, LLC1 and Hewlett Packard Enterprise Company (collectively, "Defendants") for judgment on the pleadings, dismissing two of the four patents in suit. ("Motion," D.I. 24, 25).

## SUMMARY OF THE ARGUMENT

Defendants have raised two separate issues, both of which lack any merit.

As to ownership of the two challenged patents in suit and SIPCO's right to seek past damages, the two patents show on their face that both patents were and are assigned to SIPCO. Moreover, the public records of the United States Patent and Trademark Office demonstrate that the applications for both patents were properly assigned before the patents issued. As the owner of both patents from the date they issued, SIPCO has the exclusive right to seek any past or other damages, and Defendants have not even attempted to explain why SIPCO cannot sue for past damages as to a patent that it owns.

As to Defendants' patent-marking argument under 35 U.S.C. § 287, SIPCO has sued only for infringement of a method claim of the '304 Patent. Two Federal Circuit decisions hold that failure to mark under § 287 does not preclude a plaintiff-patentee from seeking past damages for infringement of method claims of a patent, even if the patents also include product claims, so long as only the method claims are asserted. Defendants' Motion contradicts this basic governing law, which Defendants do not address.

1

**STATEMENT OF RELEVANT FACTS**

Defendants correctly note that SIPCO asserted four patents in this action.  (D.I. 25 at p. 2).  The Motion is directed to only two of the four patents:

Count III: U.S. Patent No. 8,335,304 ("the '304 Patent"); and

Count IV: U.S. Patent No. 8,924,587 ("the '587 Patent").

### a) The Application for the '304 Patent and the Patent Were Assigned to SIPCO

The front page of the '304 Patent shows that the '304 Patent is assigned to SIPCO. (Appx 1)[1].  As the named assignee of the '304 Patent, SIPCO has the sole and exclusive right to sue for damages for infringement of any claims of its Patent.  Defendants have not explained why SIPCO cannot sue for past damages of the '304 Patent, when SIPCO owns the '304 Patent.

Defendants are simply mistaken in asserting that "[f]or the '304 patent, there are no recorded assignments in the U.S. Patent & Trademark Office's public assignment database."  (D.I. 25 at p. 2).  The '304 Patent issued from Application Serial Number ("SN") 12/169,536, which is a "Continuation of application No. 09/756,386."  (Appx 1).  The USPTO record further shows that SN 09/756,386 was assigned by the sole named inventor to StatSignal Systems, Inc. on July 9, 2001, by an assignment recorded in the USPTO. (Appx 34-37).  The Assignment shows that the inventor "sold, assigned and transferred" to StatSignal Systems, Inc. and to its "assigns" the entire invention of SN 09/756,386, together with the right to file for any further patent applications and a request that "any and all patents for said inventions" be issued to StatSignal Systems, Inc. and/or its assignees. (Appx 35-36) (emphases supplied).

---

[1]  Contemporaneously filed herewith is an Appendix to Plaintiff's Response To Defendants' Motion For Judgment On The Pleadings On Counts III And IV Of Plaintiff's Complaint Pursuant To Fed. R. Civ. P. 12(c).  The Appendix consists of materials downloaded from the website of the United States Patent and Trademark Office ("USPTO"), of which the Court can take judicial notice.  Reference to the Appendix is by "Appx" followed by the page number of the Appendix.

Thereafter, the USPTO records show that, on or about April 19, 2004, StatSignal Systems, Inc. assigned SN 09/756,386 to StatSignal IPC, LLC.  (Appx 38-43).  Finally, on December 6, 2005, StatSignal IPC, LLC changed its name to SIPCO LLC, with the change of name recorded with the USPTO.  (Appx 44-47).  In accordance with the above chain of recorded assignments, the prosecution record of SN 12/169,536 shows that the USPTO accepted that SIPCO LLC was the "Applicant/Patent Owner" with the right to grant and revoke powers of attorney in the prosecution of the patent application in the USPTO.  (Appx 48-54).

In short, the plain record of the USPTO shows that Defendants are wrong, and, in fact, the recorded assignments in the USPTO's database demonstrate that the '304 Patent was assigned to SIPCO on April 19, 2004 (assignment to StatSignal IPC, LLC, which was renamed SIPCO) (Appx 38-47), and, thus, SIPCO has been the owner of the '304 Patent since it issued.

**b)    <u>The Application for the '587 Patent and the Patent Were Assigned To SIPCO</u>**

The front page of the '587 Patent shows that the '587 Patent is assigned to SIPCO. (Appx 55).  Further, as shown on the front page of the '587 Patent, the Patent issued from SN 13,485,977, which was a "Continuation of application No. 12/689,220."  (Appx 55).  That SN 12/689,220 application was assigned directly to SIPCO on or about May 1, 2013, or since before the '587 Patent issued. (Appx 55, 97-100).  Thus, SIPCO has been the owner of the '587 Patent since before the date it issued.

<b><u>ARGUMENT</u></b>

**I.    <u>Legal Standard</u>**

The standard for granting motions for judgment on the pleadings is straightforward and not disputed:

> The purpose of judgment on the pleadings is to dispose of claims where the
> material facts are undisputed and judgment can be entered on the competing

3

pleadings and exhibits thereto, and documents incorporated by reference. A motion for judgment on the pleadings should be granted if the movant establishes that there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.

*Sensormatic Elecs., LLC v. Wyze Labs, Inc.*, 2020 WL 5258439 at *2 (D. Del. 2020) (internal quotation marks and citations omitted). *See also Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020) ("under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. As with a motion to dismiss, we view the facts presented and draw inferences therefrom in the light most favorable to the nonmoving party") (internal quotation marks and citations omitted); *Agility Pub. Warehousing Co. K.S.C.P. v. United States*, 969 F.3d 1355, 1364 (Fed. Cir. 2020) ("A court should only grant a defendant's motion for judgment on the pleadings if the defendant is clearly entitled to judgment on the basis of the facts as the plaintiff has presented them. A court must presume that the facts are as alleged in the complaint and make all reasonable inferences in favor of the plaintiff") (internal quotation marks and citations omitted).

## II.   As the Assignee, SIPCO Has The Right to Sue for Infringement of its Patents and to Seek All Damages

It is unfathomable how Defendants can argue that the SIPCO does not have the right to seek "past" damages for infringement of the '304 and '587 Patents, when both Patents show on their face that they are assigned to SIPCO. (Appx 1, 55). As the owner of the Patents, SIPCO has the right to sue and claim damages, including any "past" damages incurred between the time the Patents issued and when the Patents expired. 35 U.S.C. § 281 and 35 U.S.C. § 284. SIPCO's rights to sue for any "past" infringement of the two Patents in issue are apparent on the

4

respective cover pages of the two Patents in issue, and Defendants have not even addressed why SIPCO's ownership of the two Patents in issue from the date they issued is somehow insufficient to afford SIPCO the right to seek damages for any infringement of the two Patents.

Defendants, argue that:

> SIPCO lacks standing to sue for past infringement of these patents because SIPCO did not acquire the right to sue for past infringement, as public records demonstrate. The sole assignment agreement in the USPTO's records for the '304 and '587 patents never mentions the right to sue for past infringement.

(D.I. 25 at p. 6).

Defendants' argument makes no legal or logical sense. SIPCO, as is the case with any other patentee, can seek damages only to "compensate for the infringement," which, by definition, assumes an issued patent. 35 U.S.C. § 284.[2] But, once the USPTO issues a patent to SIPCO, or any other patentee, that patentee is entitled to seem all damages for infringement of that patent. 35 U.S.C. § 284. Defendants have not even attempted to explain what they mean by "past" damages or why SIPCO is not entitled to any damages for infringement of patents which show on their face that they are assigned to SIPCO.

In fact, as demonstrated above, SIPCO was assigned the applications leading to the '304 Patent on or about April 19, 2004, when StatSignal Systems, Inc. assigned SN 09/756,386 to StatSignal IPC, LLC, which was later re-named SIPCO. (Appx 38-47). Defendants have not even attempted to explain why the recorded assignment of SN 09/756,386 did not assign the '304 Patent to SIPCO.

Similarly, as demonstrated above, SIPCO was assigned the applications leading to the '587

---

[2]  35 U.S.C. § 154(d) provides that a patentee may, under certain circumstances, obtain a retroactive reasonable royalty from an infringer having actual notice of a published patent application. SIPCO, however, has not asserted any such "provisional rights."

5

Patent on or about May 1, 2013, or since before the '587 Patent issued. (Appx 55, 97-100).

Thus, SIPCO has been the owner of the '587 Patent since the date it issued.

Thus, SIPCO was the owner of the applications for both the '304 and '587 Patents before the Patents issued, and the front pages of both the '304 and '587 Patents properly displayed SIPCO as their owner. Defendants arguments that SIPCO required assignments of rights to sue for patent infringement are out of the realm of logic.

### III.    35 U.S.C. § 287 Does Not Limit SIPCO's Claims Under The '304 Patent

Defendants argue that "For the '304 Patent, SIPCO failed to plead compliance with [35 U.S.C.] Section 287(a)." (D.I. 25 at p. 6). But SIPCO has asserted only claim 7 of the '304 Patent, and claim 7 is a method claim. (D.I. 1 at ¶¶ 40, 42; Appx 33).

It is well-established that the marking requirement of 35 U.S.C. § 287 does not apply where the patent at issue is directed to a process or method. In *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983), the Federal Circuit held that Section 287(a) does not apply when a patentee asserts only method claims from a patent that contains both method and apparatus claims, i.e., a combined patent. Specifically, in *Hanson*, Plaintiff asserted only method claims of a patent, but the defendant argued that the Hanson patent in suit also included apparatus claims. The Court, nevertheless, affirmed past damages, stating that

> The only claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson patent, which are drawn to "[t]he method of forming, distributing and depositing snow upon a surface...." … It is "settled in the case law that the notice requirement of this statute does not apply where the patent is directed to a process or method.

*Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d at 1083.

The Federal Circuit repeated this holding in *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009), stating:

6

> The law is clear that the notice provisions of § 287 do not apply where the patent is directed to a process or method. … In Hanson, 718 F.2d at 1082–83, we held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims. Hanson is factually identical to this case, and we are therefore bound by the rule of Hanson. ***
>
> In this case and *Hanson*, the patentee only asserted method claims despite the fact that the patent contained both method and apparatus claims. … Because Rexam asserted only the method claims …, the marking requirement of 35 U.S.C. § 287(a) does not apply.

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d at 1316–17.

See also *Intellectual Ventures I LLC v. Symantec Corp.*, 2015 WL 294240 at *1 (D. Del. 2015) ("35 U.S.C. § 287(a) d[oes] not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims."); *C R Bard, Inc. v. AngioDynamics Inc.*, 2018 WL 3130622 at *6 (D. Del. 2018); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 906 F. Supp. 2d 399, 406 (W.D. Pa. 2012) ("When a patent contains both method and apparatus claims, whether the marking statute applies turns on whether the method and apparatus claims have been asserted by the patentee…. If the apparatus claims have not been asserted in the litigation, § 287(a) does not apply and marking of the asserted method claims is unnecessary for a party to claim damages for the entire period of infringement"); *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 2020 WL 6318716 at *5 (N.D. Cal. 2020) ("plaintiff asserts method claims, which neither require, nor are capable of, being marked"); *Core Optical Techs., LLC v. Nokia Corp.*, 2020 WL 6126285 at *5 (C.D. Cal. 2020) ("the marking requirement does not apply where the patent at issue is directed to a process or method"); *In re Katz Interactive Call Processing Patent Litig.*, 821 F. Supp. 2d 1135, 1159 (C.D. Cal. 2011) ("Since Katz has only asserted method claims, *Crown Packaging* and *Hanson* control").

SIPCO asserts only a method claim from the '304 Patent. Thus, SIPCO is not required to

7

plead compliance with § 287(a).

## IV.     **Dismissal Would Be Inappropriate, As SIPCO Can Replead**

Even if Defendants were correct that § 287(a) applies to the '304 Patent, it would be improper to grant Defendants' request to enter judgment dismissing Count III.  If § 287(a) applies to the '304 Patent, SIPCO has already pled with respect to Count IV that SIPCO has complied with § 287(a).  Specifically, ¶ 49 of SIPCO's Complaint pleads that:

> 49.  Plaintiff has complied with 35 U.S.C. § 287(a), because (a) Plaintiff has not itself made, offered for sale or sold a product within the scope of any claim of the '587 Patent; and (b) has required all licensees under the '587 Patent to mark with the '587 Patent number any products that the licensee has made, offered for sale or sold under the license to the '587 Patent

SIPCO can make the same pleading with respect to Count III, because the same facts are the same.

In fact, SIPCO has not only pled the above, but has already produced to Defendants all its licensing agreements.

Thus, if § 287(a) applies to the '304 Patent notwithstanding *Hanson* and *Crown Packaging,* the Court should grant SIPCO the opportunity to replead Count III to make the same allegation in Count III, as SIPCO did in ¶ 49 of SIPCO's Complaint.

### CONCLUSION

On the basis of the foregoing facts and law, Plaintiff SIPCO respectfully requests that Defendants' Motion be denied.

Respectfully Submitted,

8

Dated: December 21, 2020                    O'KELLY & ERNST, LLC

                                            /s/ George Pazuniak
                                            George Pazuniak (No. 478)
                                            Sean T. O'Kelly (No. 4349)
                                            824 North Market Street, Suite 1001A
                                            Wilmington, DE 19801
                                            Tel:  (302) 478-4230
                                            Email: GP@del-iplaw.com
                                            Email: sokelly@oelegal.com

                                            *Counsel for Plaintiff*