**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SIPCO, LLC, | |
| Plaintiff. | |
| v. | Case No. 20-cv-537-MN |
| ARUBA NETWORKS, INC. and HEWLETT PACKARD ENTERPRISE COMPANY, | |
| Defendants. | |

**Reply Brief in Support of Defendants' Motion for Judgment on the
Pleadings on Counts III and IV of Plaintiff's Complaint
(Pursuant to Fed. R. Civ. P. 12(c))**

Rather than rebut Defendants' motion (D.I. 25), SIPCO's opposition (D.I. 27) reinforces that the Court should dismiss SIPCO's infringement claims for the '304 and '587 patents.

**I.      SIPCO failed to plead compliance with Section 287(a) for the '304 patent.**

It is undisputed that SIPCO "cannot recover post-suit damages" for the '304 patent because that patent "expired before SIPCO filed its Complaint." *See* D.I. 25 (Op. Br.) at 2. And SIPCO does not dispute that "[a] claim for past damages requires pleading compliance with the marking statute [(i.e., Section 287)]—even when compliance is achieved, factually, by doing nothing at all." *See* D.I. 25 (Op. Br.) at 5 (quoting *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019)). Nor does SIPCO dispute that it "failed to plead compliance with Section 287" for the '304 patent. *See* D.I. 25 at 6.

Attempting to salvage its infringement claim for the '304 patent, SIPCO solely argues it "is not required to plead compliance with § 287(a)" because "SIPCO has asserted only claim 7 of the '304 Patent, and claim 7 is a method claim." *See* D.I. 27 (Resp. Br.) at 6-8 (citing D.I. 1 (Compl.) at ¶¶ 40, 42). SIPCO is wrong.

SIPCO has asserted *both* method *and* apparatus claims from the '304 patent, not just method claim 7. For example, SIPCO asserted claim 1 of the '304 patent in *SIPCO, LLC v. eZLO Innovation, LLC*, Case No. 1:19-cv-01904 (D. Del. Oct. 8, 2019), D.I. 1, which is attached as Exhibit 1. *See* Ex. 1 at ¶ 21. Claim 1 is an apparatus claim, not a method claim. *See* D.I. 1-5 ('304 patent) at 14:46-61 ("1. A *device* for communicating information, the device comprising: …). Thus, SIPCO has *not* asserted only method claims of the '304 patent and that patent is *not* "directed to a process or method," as in the cases on which SIPCO relies. *See* D.I. 27 (Resp. Br.) at 6-7 (citing cases in which the plaintiff asserted only method claims).

Rather, this case is analogous to *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993), in which the Federal Circuit held that the plaintiff "was required to mark its product

1

pursuant to section 287(a)" because "both apparatus and method claims of the [asserted] patent were asserted." *Id.* at 1538-39. Because SIPCO failed to plead compliance with Section 287(a), SIPCO cannot recover damages for the '304 patent and the Court should dismiss Count III of SIPCO's Complaint. *See Express Mobile*, 2019 WL 1596999, at *2 ("A claim for past damages requires pleading compliance with the marking statute [(i.e., Section 287)]—even when compliance is achieved, factually, by doing nothing at all.").

SIPCO's Complaint reinforces that dismissal is proper and that SIPCO's argument in its Opposition is contradicted by the facts. On its face, the Complaint does *not* "assert only claim 7 of the '304 Patent." *See* D.I. 27 (Resp. Br.) at 6-8. Rather, SIPCO's Complaint expressly alleges infringement of "***at least*** claim 7 of the '304 Patent," D.I. 1 (Compl.) at ¶¶ 40, 42, 43 (emphasis added), leaving open the possibility that SIPCO will assert apparatus claims as it did in the *eZLO Innovation* case. SIPCO cannot now rewrite its open-ended Complaint allegations with unsworn attorney argument.

Even if SIPCO's infringement assertion in this case were limited to method claim 7, SIPCO would still be required to plead Section 287(a) compliance for the '304 patent for two independent reasons. First, by asserting apparatus claim 1 of the '304 patent in the *eZLO Innovation* case, SIPCO has effectively conceded that the '304 patent is *not* "directed to only a method or process" and is, therefore, *not* exempt from Section 287(a)'s requirements. *See Am. Med. Sys.*, 6 F.3d at 1538 (explaining that method patents are exempt from Section 287(a)'s requirements because "where the patent claims are directed to only a method or process there is nothing to mark"). Having conceded that the '304 patent is not a method patent, SIPCO cannot now evade Section 287(a) because that would "provide[] an end-run around the marking statute" and "undermine[] the marking statute's public notice function." *See Rembrandt Wirelesss Tech., LP v. Samsung Elec.,*

2

*Ltd.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) ("[T]he marking statute's focus is not only the rights of the patentee, but the rights of the public. Considering these rights held by the public, we hold that disclaimer cannot serve to retroactively dissolve the § 287(a) marking requirement for a patentee to collect pre-notice damages.") (citations omitted).

Second, even SIPCO's assertion of method claim 7 in its Complaint shows that Section 287(a) applies to the '304 patent. In asserting claim 7, SIPCO focuses exclusively on functionality within the accused products, i.e., tangible items—not on acts that are separate and apart from those tangible items. *See* D.I. 1-6 ('304 patent claim chart). Thus, SIPCO's own allegations show that claim 7 is not the type of "method or process [for which] there is nothing to mark." *Am. Med. Sys.*, 6 F.3d at 1538. Instead, Section 287(a) applies where, as here, "the patent contains both apparatus and method claims" and "there is a tangible item to mark by which notice of the asserted method claims can be given." *Id.* at 1538-39.

Thus, SIPCO has failed to plead compliance with Section 287(a) for the '304 patent. The Court should not grant SIPCO leave to amend its Complaint. As SIPCO admits, it knew how to plead compliance with Section 287(a), but simply failed to do so for the '304 patent (*see* D.I. 27 at 8), despite SIPCO's long history of litigation campaigns asserting the '304 patent and SIPCO's patent family at large. Accordingly, this Court should dismiss Count III, alleging infringement of the '304 patent, with prejudice.

## II.      SIPCO cannot recover for past infringement for the '304 and '587 patents.

SIPCO fails to dispute three points that bear on whether it lacks the right to sue for past infringement of the '304 and '587 patents. First, these patents "expired before SIPCO filed its Complaint, so SIPCO can at most seek relief for past infringement." D.I. 25 (Op. Br.) at 7. Second, SIPCO cannot sue for past infringement unless "a written assignment expressly grants [SIPCO] a right to do so." D.I. 25 (Op. Br.) at 7 (quoting *Abraxis Biosci., Inc. v. Navinta, Inc.*, 625 F.3d 1359,

3

1367 (Fed. Cir. 2010)). Third, "[t]he sole assignment agreement in the USPTO's records for the '304 and '587 patents never mentions the right to sue for past infringement," even though named inventor David Petite expressly purported to transfer that right for *other* patents, but failed to do so for the '304 and '587 patents. *See* D.I. 25 (Op. Br.) at 7; D.I. 25-2 at 2.

These undisputed points establish that SIPCO lacks the right to sue for past infringement. Rather than confront these points, SIPCO raises two diversions. Both fail.

First, citing no authority, SIPCO argues that it can recover for past infringement because the '304 and '587 patents "show on their face that they are assigned to SIPCO." D.I. 27 (Resp. Br.) at 4. But the fact that the patents identify SIPCO has no bearing on whether SIPCO holds the right to sue for past infringement. As the Federal Circuit explained, "actual consideration of the rights transferred" under the applicable agreement is "the linchpin" of determining "the nature of the rights transferred under the agreement." *Intellectual Property v. TCI Cablevision*, 248 F.3d 1333, 1344 (Fed. Cir. 2001). And SIPCO has failed to identify *any* agreement that would expressly grant SIPCO the right to sue for past infringement.

Second, SIPCO relies on assignment agreements filed with the USPTO for applications relating to the '304 and '587 patents, arguing they establish SIPCO is "the owner" of those patents. D.I. 27 (Resp. Br.) at 5-6. But the question is not whether SIPCO is the patent owner; the question is whether SIPCO expressly obtained the *right to sue for past infringement* of these patents. SIPCO has failed to show that any agreement expressly transfers the right to sue for past infringement for the '304 and '587 patents.

Thus, SIPCO has failed to acquire the right to sue for past infringement for the '304 and '587 patents. Accordingly, this Court should dismiss Counts III and IV, alleging infringement of the '304 and '587 patents.

Dated:  January 6, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Eric S. Namrow (admitted *pro hac vice*)
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
Telephone: 202.739.5296
Fax: 202.739.3001
eric.namrow@morganlewis.com

Hersh Mehta (admitted *pro hac vice*)
77 West Wacker Dr.
Chicago, IL 60601-5094
Telephone: 312.324.1739
Fax: 312.324.1001
hersh.mehta@morganlewis.com

*/s/ Amy M. Dudash*
Amy M. Dudash (DE Bar No. 5741)
1201 N. Market Street, Suite 2201
Wilmington, Delaware 19801
Telephone:  302.574.3000
Fax:  302.574.3001
amy.dudash@morganlewis.com

*Attorneys for Defendants Aruba Networks,*
*LLC and Hewlett Packard Enterprise Company*

5