IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIPCO, LLC, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) C.A. No. 20-cv-537-MN |
| | ) |
| ARUBA NETWORKS, LLC and | ) |
| HEWLETT PACKARD ENTERPRISE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

George Pazuniak, Sean T. O'Kelly, O'KELLY & ERNST, LLC, Wilmington, DE – Attorneys for Plaintiff.

Amy Michele Dudash, MORGAN, LEWIS & BOCKIUS LLP, Wilmington, DE; Eric Namrow, MORGAN, LEWIS & BOCKIUS LLP, Washington, DC; Hersh Mehta, MORGAN, LEWIS & BOCKIUS LLP, Chicago, IL – Attorneys for Defendants.

June 9, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff SIPCO, LLC ("SIPCO") has sued Defendants Aruba Networks, LLC ("Aruba") and Hewlett Packard Enterprise Company ("HPE") (collectively, "Defendants") alleging four counts of patent infringement. (D.I. 1). Pending before the Court is Defendants' Motion for Judgment on the Pleadings on Counts III and IV of Plaintiff's Complaint (D.I. 24) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The motion is fully briefed. (D.I. 25; D.I. 27; D.I. 31). For the reasons below, the motion is DENIED.

## I.  BACKGROUND

SIPCO is a research, development, and technology company founded by T. David Petite. (D.I. 1 ¶ 8). Petite patented various inventions related to moving data over wired and wireless networks. (*Id.* ¶ 9). Petite assigned rights in his patents to SIPCO. (*Id.* ¶ 12).

Aruba is a subsidiary of HPE. (*Id.* ¶¶ 2–4). On February 13, 2020, SIPCO advised Aruba in writing that, through the sale of certain products, Aruba infringed SIPCO patents, specifically U.S. Patent Nos. 6,891,838 ("the '838 patent"); 7,103,511 ("the '511 patent"); 7,263,073; and 8,924,587 ("the '587 patent"). (*Id.* ¶ 14). After receiving no response from Aruba, SIPCO filed its Complaint on April 22, 2020. (*Id.* ¶ 16). SIPCO asserted that Aruba infringed the '838 patent (Count I), the '511 patent (Count II), U.S. Patent No. 8,335,304 ("the '304 patent") (Count III), and the '587 patent (Count IV).

Defendants answered SIPCO's Complaint. (D.I. 8). Thereafter, Defendants filed the pending partial motion for judgment on the pleadings, asking the Court to dismiss Counts III and IV with prejudice. (D.I. 24).

## II.  LEGAL STANDARDS

Rule 12(c) of the Federal Rules of Civil Procedure allows a party, after pleadings are closed but early enough not to delay trial, to move for judgment on the pleadings. FED. R. CIV. P. 12(c).

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Auth. of N.Y.*, 598 F.3d 128, 134 (3d Cir. 2010). The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Judgment on the pleadings "will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020).

### III.   DISCUSSION

Defendants argue that the court should grant judgment on the pleadings as to Counts III and IV on two bases. First, Defendants assert that SIPCO lacks standing to assert both the '304 patent and the '587 patent. Second, Defendants argue that SIPCO failed to plead that it or any of its licensees complied with the notice requirement of 35 U.S.C. § 287(a) as to the '304 patent, and thus SIPCO cannot recover damages for the alleged infringement of the '304 patent. The Court addresses each argument in turn.

#### A.   Standing

Standing is a threshold jurisdictional requirement pursuant to Article III of the Constitution. *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1363 (Fed. Cir. 2010). To have standing to assert patent infringement, a "plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Id.* (citation omitted); 35 U.S.C. § 281. "[A]n assignee holds title to a patent and may sue for infringement without further permission or clearance." *Minco, Inc. v. Combustion Eng'g, Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996).

SIPCO alleges that it is the owner by assignment of the '304 and '587 patents. (D.I. 1 ¶¶ 39, 47). Documents recorded by the U.S. Patent and Trademark Office ("PTO") also reflect

assignment of the '304 patent from Petite to SIPCO.[1] (D.I. 27 at 2). On July 9, 2001, Petite assigned U.S. Patent Application No. 09/756,386 to StatSignal Systems, Inc. (D.I. 28 at 35). In the agreement, Petite "sold, assigned and transferred . . . the entire right, title and interest" in the invention of the patent application "including all corresponding provisional, continuation, continuation in part, divisional, reissue, and reexamination applications" in the United States. (*Id.* at 36–37). On April 19, 2004, StatSignal Systems, Inc. assigned its rights, title, and interest in the patent application to StatSignal IPC LLC. (*Id.* at 42). In 2005 the name of StatSignal IPC, LLC was changed to SIPCO, LLC. (*Id.* at 44). On December 12, 2012, the '304 patent issued from U.S. Patent Application No. 12/169,536, which is a continuation of the assigned patent application. (D.I. 1 ¶ 38). The face of the patent designates SIPCO, LLC as assignee. The Federal Circuit has held that agreements to automatically assign future patents, without further action by the assignee, are effective assignments upon issuance and not mere promises to assign future patents. *See DBB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008) ("If the contract expressly grants rights in future inventions, no further act is required once an invention comes into being, and the transfer of title occurs by operation of law." (internal quotation marks omitted)).[2] In light of SIPCO's factual allegations and the public filings, the Court reasonably infers that the '304 patent was assigned to SIPCO at issuance. Defendants, therefore, fail to show as a matter of law that SIPCO lacked standing to assert the '304 patent.

---

[1] To decide a motion for judgment on the pleadings, "[t]he Court may consider matters of public record as well as authentic documents upon which the complaint is based if attached to the complaint or as an exhibit to the motion." *Lundbeck v. Apotex Inc.*, C.A. No. 18-88-LPS, 2020 WL 3507795, at *3 (D. Del. June 26, 2020).

[2] Federal Circuit law applies to questions of contract interpretation that are "intimately bound up with the question of standing in patent cases." *DBB Techs.*, 517 F.3d at 1290.

U.S. PTO records also show that the '587 patent was assigned to SIPCO. Petite executed an agreement on May 1, 2013 to assign U.S. Patent Application No. 12/689,220 to SIPCO. (D.I. 25-1 at 3). The agreement also assigned to SIPCO "all of Assignor's rights, title, and interest in and to" the patent application, including "in and to any conventional, divisional, continuation, continuation-in-part, substitution, reissue, renewal, reexam, continued prosecution application ('CPA'), or request for continued reexamination ('RCE') thereof, and in and to all inventions and improvements thereon." (*Id.*). The '587 patent issued on December 30, 2014 from U.S. Patent Application No. 13/485,977, which is a continuation of the assigned patent application. (D.I. 1 ¶ 46). The patent, on its face, designates Sipco, LLC as assignee. Thus, the Court reasonably infers that SIPCO was assignee of the '587 patent as of issuance and has standing to sue for infringement. *See DBB Techs.*, 517 F.3d at 1290.

Defendants appear not to dispute that these assignments are effective. Instead, Defendants argue that SIPCO lacks standing because the assignments did not transfer the right to sue for "past infringement." Defendants assert: "The '304 and '587 patents expired before SIPCO filed its Complaint, so SIPCO can at most seek relief for past infringement. But SIPCO lacks standing to sue for past infringement of these patents because SIPCO did not acquire the right to sue for past infringement."[3] (D.I. 25 at 7). Defendants' argument, however, conflates two different meanings of past infringement. An assignee must have express permission to sue for infringement that

---

[3] As to the '587 patent, Defendants' argument is not clear. The agreement that ultimately assigned the '587 patent to SIPCO states: "Assignor also hereby sells, assigns and transfers unto Assignee all of Assignor's rights and claims to sue for damages and other remedies with respect to any and all *past infringement* of all said Application, Related US Applications, and Related Foreign Applications, including said inventions and improvements which may have occurred before the date of this Assignment." (D.I. 25-1 at 4 (emphasis added)). *See Minco*, 95 F.3d at 1117 ("The express reference to past infringement in the [assignment] agreement expanded the scope of the term 'right, title, and interest' to encompass the right to sue for prior infringement.").

occurred prior to assignment. *See Minco*, 95 F.3d at 1117 ("[T]he conveyance of the patent does not normally include the right to recovery for injury occurring to the prior owner."). But an assignee does not need express permission to sue for infringement that occurred after assignment and prior to expiration. *Id.* ("[A]n assignee holds title to a patent and may sue for infringement without further permission or clearance."). Here, SIPCO was assignee throughout the lifetime of the asserted patents and therefore has standing to sue for any infringement; the absence of an express right to sue for infringement prior to assignment does not impair SIPCO's standing. Thus, Defendants' argument that SIPCO lacks standing fails.

### B. Marking Requirement

If patentees or persons making or selling a patented product fail to mark the article as patented, the patentee may recover damages only for infringement committed after the infringer was notified of the infringement. 35 U.S.C. § 287(a). The marking requirement does not apply when only method claims are asserted because for a claimed method or process "there is nothing to mark" to provide notice of infringement. *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). Here, SIPCO asserts that Defendants infringe at least claim 7 of the '304 patent. Claim 7 is a method claim, and therefore the marking requirement does not apply to this infringement claim.

Defendants argue that Count III should be dismissed because SIPCO failed to plead compliance with the marking requirement of § 287(a). Defendants assert that this court granted a motion to dismiss a claim for pre-suit damages where the patentee failed to allege compliance with § 287(a), even when marking was not required. *See Express Mobile, Inc. v. Liquid Web, LLC*, Civil Action No. 1:18-cv-01177-RGA, Civil Action No. 1:18-cv-01181-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) ("A claim for past damages requires pleading compliance with the marking statute – even when compliance is achieved, factually, by doing nothing at all."). For

Defendants' motion for judgment on the pleadings, however, the relevant inquiry is not sufficiency of pleading, *see id.*, but whether Defendants have clearly established as a matter of law that SIPCO cannot recover for alleged infringement of the '304 patent, *see Mid-Am. Salt*, 964 F.3d at 226. Defendants have not met this standard because they have not established that SIPCO was required to mark and failed to do so.

In their reply, Defendants argue that the marking requirement should apply because SIPCO asserted an apparatus claim of the '304 patent in another case. *See SIPCO, LLC v. eZLO Innovation, LLC*, Case No. 1:19-cv-01904 (filed D. Del. Oct. 8, 2019). Furthermore, Defendants contend that, by asserting "*at least* claim 7 of the '304 Patent," SIPCO leaves open the possibility that it will assert non-method claims in this case. (D.I. 31 at 2 (emphasis in original)). Defendants provide no authority stating that the marking requirement applies when there is merely a possibility that a patentee will assert a non-method claim. Indeed, the Federal Circuit has "held that 35 U.S.C. § 287(a) did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1316–17 (Fed. Cir. 2009) (reversing dismissal of infringement claim for patentee's failure to mark, when only method claims were asserted); *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082–83 (Fed. Cir. 1983) (affirming damages judgment where patentee failed to mark, but defendant was only found to infringe method claims). If SIPCO ultimately asserts device claims of the '304 patent, its compliance with the marking requirement can be assessed at that time. Otherwise, the mere possibility that SIPCO will assert a non-method claim, despite SIPCO's failure to mark, is not fatal to Count III.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' partial motion for judgment on the pleadings as to Counts III and IV of SIPCO's Complaint is denied. An appropriate order follows.